IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ANGEL H. TORRES-CAICEDO, #28103-078 | § | |
| | § | |
| VS. | § | CIVIL NO. 4:23v977 |
| | § | CRIMINAL NO. 4:17cr73(1) |
| UNITED STATES OF AMERICA | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Movant Angel Hernando Torres-Caicedo, proceeding *pro se*,  filed the above-styled and numbered cause pursuant to 28 U.S.C. § 1651.  The cause of action was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

### I.  BACKGROUND

On September 20, 2019, Movant pled guilty to conspiracy to manufacture and distribute cocaine intending, knowing, and with reasonable cause to believe that the cocaine will be unlawfully imported into the United States, in violation of 21 U.S.C. § 963.  On January 19, 2021, United States District Judge Amos L. Mazzant, III, sentenced Movant to three hundred twenty-four months' imprisonment.  Movant did not file a direct appeal, but he filed the instant motion on October 25, 2023.  The Court did not order Respondent to file a Response.

### II.  WRIT OF *CORAM NOBIS*

Movant filed a "Petition for Writ of *Coram Nobis* Pursuant to All Writs Act  (28  U.S.C. § 1651)."  "The writ of *coram nobis* is an extraordinary remedy available to a petitioner no longer

1

in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996). However, a petitioner may not resort to *coram nobis* merely because he has failed to meet the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") gatekeeping requirements. *United States v. Esogbue*, 357 F.3d 532, 535 (5th Cir. 2004). The record shows that Movant is still in custody; thus, he does not meet the requirements of *coram nobis*. Accordingly, the motion is properly construed as a motion filed pursuant to 28 U.S.C. § 2255.

The United States Supreme Court has held that a district court must notify a *pro se* litigant that it intends to re-characterize a pleading as a § 2255 motion with a warning that such re-characterization means any future § 2255 motions will be subject to restrictions on "second or successive" § 2255 motions. *Castro v. United States*, 540 U.S. 375, 383 (2003). Because Movant is time-barred by the AEDPA statute of limitations, as will be discussed below, any future § 2255 motions would also be dismissed as time-barred. Accordingly, the instant situation does not raise *Castro* concerns because Movant's motion was filed after the statute of limitations had passed.

### III. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

On April 24, 1996, the AEDPA went into effect. A one-year statute of limitations was enacted for motions to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. In general, a movant for collateral relief has one year from the date on which the judgment became final to file a motion challenging his conviction. A conviction is final under § 2255 when a defendant's options for further direct review are foreclosed. *United States v. Gamble*, 308 F.3d 536, 537 (5th Cir. 2000); *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000).

Movant's Final Judgment issued on January 19, 2021; thus, his notice of appeal was due fourteen days later.  Fed. R. App. P. 4(b).  Movant did not file a notice of appeal; consequently, the conviction became final for purposes of § 2255 fourteen days later, on February 2, 2021.  The present § 2255 motion must have been filed within one year from the date on which the judgment became final.  Accordingly, Movant had until February 2, 2022, in which to file the § 2255 motion.  He did not file it until October 25, 2023 – one year, eight months, and twenty-three days beyond the limitations deadline.  Thus,  the § 2255 motion is time-barred unless Movant demonstrates he is entitled to equitable tolling.

The United States Supreme Court confirmed the AEDPA statute of limitations is not a jurisdictional bar, and it is subject to equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'  and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 560 U.S. at 649).  "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).  The petitioner bears the burden of proving he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

The Fifth Circuit has held the district court has the power to equitably toll the limitations period only in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998). To qualify for such equitable tolling, the petitioner must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  In making this determination, it should be noted the Fifth Circuit has expressly held that

3

proceeding *pro se,* illiteracy, deafness, lack of legal training, and unfamiliarity with the legal process do not constitute extraordinary circumstances. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000).

As a general rule, equitable tolling has historically been limited to situations where the petitioner "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the Court is aware dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas,* 517 U.S. 314, 324 (1996). Additionally, the Fifth Circuit has held that "[e]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). To obtain the benefit of equitable tolling, Movant must also establish he pursued habeas relief with "reasonable diligence." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013); *Holland*, 560 U.S. at 653 (the diligence required for equitable tolling purposes is reasonable diligence).

Movant presents no evidence that he was induced or tricked by his adversary's misconduct, which caused him to untimely file his motion. Movant fails to show that "rare and extraordinary circumstances" prevented him from timely filing. *Davis*, 158 F.3d at 810-11. In sum, Movant filed his motion more than twenty months beyond the AEDPA limitations period, and he fails to meet his burden of proving he is entitled to equitable tolling. Consequently, the instant § 2255 motion should

4

be denied and dismissed as time-barred.

## IV.  CERTIFICATE OF APPEALABILITY

A movant may not file an appeal from a final order in a proceeding under § 2255  "unless a circuit justice or judge issues a certificate of appealability."  28  U.S.C. § 2253(c)(1)(B).  Although Movant has not yet filed a notice of appeal, it is respectfully recommended that the court, nonetheless, address whether he would be entitled to a certificate of appealability.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003).  When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Id.*

In this case, it is respectfully recommended  reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484).  Accordingly, it is recommended the court find Movant is not entitled to a certificate of appealability.

## V.  RECOMMENDATION

It is recommended the above-styled motion  for relief under 28 U.S.C. § 2255 be denied and this case be dismissed with prejudice.  It is further recommended a certificate of appealability be denied.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.  §  636(b)(1)( c).   To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 28th day of December, 2023.**

_____

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE